# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4007 | **DATE** | 5/10/2001 |
| **CASE TITLE** | Pineda-Molina vs. Perryman | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiff's motion to strike defendant's reply memorandum to plaintiff's response is denied. [13-1] Defendant's motion to dismiss is granted. [10-1] ENTER MEMORANDUM OPINION.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 1 6 200 | | 14 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 5/14/2001 | | |
| | | | date mailed notice | | |
| KAM | courtroom deputy's initials | | KAM | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PORFIRIO PINEDA-MOLINA, . ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 4007 |
| ) | |
| BRIAN PERRYMAN, District ) | |
| Director, United States ) | |
| Immigration and ) | |
| Naturalization Service, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is the defendant's motion to dismiss this action. For the reasons explained below, the motion is granted.

**BACKGROUND**

The following facts, drawn from the plaintiff's complaint, are taken as true for the purpose of deciding this motion. The pro se plaintiff, Porfirio Pineda-Molina, filed this action against defendant, Brian Perryman, the District Director of the United States Immigration and Naturalization Service ("INS"), to enjoin the INS from prosecuting its claim of deportation against him.

The plaintiff entered this country in 1975, when he was six years old. He adjusted his status to lawful permanent resident in 1989. On March of 1991, he pled guilty to possession of a stolen motor vehicle, was convicted, and was subsequently sentenced to three years in prison. Prior to entering a plea of guilty, the plaintiff alleges that he was led to believe that he would not be deported on the basis of that conviction. In March of 1999, he was convicted of burglary and sentenced to eight years in prison.

A few months later, in December of 1999, the INS notified the plaintiff that it was seeking to deport him on the basis of his burglary conviction. According to the INS, the burglary conviction was an "aggravated felony" justifying deportation. At a hearing before an immigration judge, the INS's charge based upon the burglary conviction was dismissed. The INS attorney expressed displeasure at the judge's ruling and stated that he would amend the charge to seek deportation on the basis of the 1991 conviction.[1] The plaintiff argues that the INS's recent "change of heart" to use his 1991 conviction as a basis for

---

[1] According to the defendant, the second charge filed by the INS was not based exclusively on the 1991 conviction, but on the allegation that the plaintiff was convicted of two crimes of moral turpitude. See Df's Mem. in Support of its Mot. to Dismiss, Ex. B.

deporting him is arbitrary and capricious, an abuse of discretion, and an inappropriate response to the immigration judge's adverse decision on the original charge. Furthermore, he argues that he has been prejudiced because (1) he would have sought to vacate his 1991 conviction if he had known that deportation proceedings might ensue, and (2) the passage of time has caused him to lose the opportunity to call witnesses, present evidence, and plan a defense to this belated charge of deportation.

The plaintiff brought this action to enjoin the INS from prosecuting the deportation charge based on the 1991 conviction. The INS filed this motion to dismiss, arguing that this court does not have jurisdiction over the case under 8 U.S.C. § 1252(g) and also because the plaintiff has not exhausted his administrative remedies.

## DISCUSSION

In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), which in part, significantly curtailed judicial review of removal actions. See 8 U.S.C. § 1252 (West 1999). In support of its motion, the defendant invokes § 1252(g), which states:

> Except as provided in this section and notwithstanding
> any other provision of law, no court shall have
> jurisdiction to hear any cause or claim by or on behalf
> of any alien arising from the decision or action by the
> Attorney General to <u>commence proceedings, adjudicate
> cases, or execute removal orders</u> against any alien
> under this Act.

8 U.S.C. § 1252(g) (emphasis added). The defendant characterizes
the complaint as challenging the INS's discretionary decision to
"commence proceedings," and therefore, contends that § 1252(g)
bars this court's jurisdiction.

In <u>Reno v. American Arab Anti-Discrimination Committee</u>,
("<u>AADC</u>"), the Supreme Court interpreted § 1252(g) narrowly,
stating that it is implausible that Congress intended to
foreclose review of <u>all</u> claims arising from deportation
proceedings because § 1252(g) lists only three discrete
decisions. 525 U.S. 471, 482 (1999). For example, § 1252(g)
does not bar judicial review over "decisions to open an
investigation, to surveil the suspected violator, to reschedule
the deportation hearing, to include various provisions in the
final order that is the product of the adjudication, and to
refuse reconsideration of that order." <u>Id.</u> The Sixth Circuit
observed in <u>Mustata v. U.S. Dept. of Justice</u>, 179 F.3d 1017, 1021
(6th Cir. 1999), "[b]ecause some of the examples could be
squeezed into one of the three listed actions if the actions were

to be read expansively, the examples reinforce the Court's express statement" that § 1252(g) should be read narrowly. Indeed, the Seventh Circuit has observed that almost every person challenging an INS decision seeks to avoid removal, but that alone "cannot be a sufficient basis for invoking § 1252(g)." Fornalik v. Perryman, 223 F.3d 523, 531 (7th Cir. 2000) (holding that § 1252(g) did not apply because the petitioner was not attacking a discretionary decision to remove him, but rather, was seeking to enforce a decision to defer removal).[2/] In determining, therefore, whether the plaintiff's complaint challenges one of § 1252(g)'s three listed factors, we bear in mind the admonition to read the statute narrowly.

Literally speaking, the plaintiff does not challenge the INS's decision to commence proceedings, but rather to file additional charges supporting deportation after the proceedings were already underway. Cf. AADC, 525 U.S. at 473-474, 487 (holding that the plaintiffs' suit was barred under § 1252(g) in

---

[2/] The circumstances of Fornalik were rather odd. After the Chicago office of the INS determined to deport him to Poland, the petitioner filed a habeas petition claiming that he was entitled to permanent residence status. Meanwhile, he also petitioned the INS for permanent residence status under a provision of the Violence Against Women Act of 1994. When the action was pending in the district court, the Vermont Service Center of the INS informed him that it had placed his case in deferred action status. The Chicago office, however, persisted in its attempt to remove him and argued that judicial review was precluded under § 1252(g). Id. at 525.

that they challenged the INS's discretionary decision to initiate deportation proceedings against them because of their affiliation with an unpopular political group). The defendant cites no authority for the proposition that the filing of additional charges is the equivalent of commencing proceedings. To the contrary, the defendant cites a federal regulation which supports the conclusion that the filing of additional charges is distinct from commencing proceedings: "[a]t any time _during the proceeding_, additional or substituted charges of ... deportability ... may be lodged by the Service in writing." 8 C.F.R. § 240.10 (emphasis added). A narrow reading of the phrase "commence proceedings" would seem to indicate that § 1252(g) does not deprive this court of jurisdiction to hear the plaintiff's claim.[3/]

This does not, however, save the plaintiff's case. The defendant argues that dismissal is proper because the plaintiff has not exhausted his administrative remedies. See Kashani v.

---

[3/] The plaintiff also argues that the INS should be held to its decision to grant him "deferred action status." Deferred action status refers to the INS's discretionary decision to "decline to institute proceedings, terminate proceedings, or decline to execute a final order of deportation." See AADC, 525 U.S. 484 (quoting from 6 C. Gordon, S. Mailman, & S. Yale-Loehr, Immigration Law and Procedure § 72.03[2][h] (1998)). To the extent the plaintiff's circumstances bear similarity to that of the plaintiff in Fornalik, 223 F.3d 523, his claim to enforce a decision to defer action might not be barred under § 1252(g). However, the plaintiff's complaint does not allege that he has been granted such status, much less when the status was granted or how long it was to be in effect.

<u>Nelson</u>, 793 F.2d 818, 821 (7th Cir. 1986) (discussing 8 U.S.C.
§ 1105a(c)).  It is true that the plaintiff has not exhausted his
administrative remedies.  Section 1252 restricts judicial review
to <u>final orders</u>,[4/] and a court may review a final order of
removal only if "the alien has exhausted all administrative
remedies available to the alien as of right."  8 U.S.C. §§
1252(b)(8) & (d); <u>see also</u> 8 Charles Gordon et al., <u>Immigration</u>
<u>Law & Procedure</u>, § 104.02[1] & n.5 (Matthew Bender rev. ed.
2000)(noting that 8 U.S.C. § 1252(d)(1) was formerly codified at
8 U.S.C. § 1105a(c)).  There has been no final order rendered in
this case.

The plaintiff argues that he need not exhaust his
administrative remedies because the immigration court does not
have the power to address his constitutional claims.  Presumably,
his constitutional claim is that the INS denied him due process
when it waited more than 9 years to seek his deportation on the
basis of his 1991 conviction.  <u>See</u> Response at 9.  The Seventh
Circuit has recognized that although administrative agencies may
consider constitutional claims, they lack the authority to deal

---

[4/] "Judicial review of all questions of law and fact, including interpretation
and application of constitutional and statutory provisions, arising from <u>any</u>
<u>action</u> taken or proceeding brought to remove an alien from the United States
under this subchapter shall be available <u>only</u> in judicial review of a <u>final order</u>
under this section."  8 U.S.C. § 1252(b)(8) (emphasis added).

with them dispositively.   <u>Singh v. Reno</u>, 182 F.3d 504, 510 (7th

Cir. 1999).

> [A]ccess to the courts of appeals enables an alien to
> mount what is in effect a collateral constitutional
> challenge to deportation proceedings.   [Citations
> omitted.]   Prior to 1961, such collateral challenges
> were routinely brought by way of habeas petitions in
> the district courts.   But with the elimination of
> habeas jurisdiction, exclusive responsibility for the
> prevention of miscarriages of justice now rests with
> the courts of appeals.

<u>Id.</u>; <u>see also</u> 8 U.S.C. § 1252(b)(2) ("petition[s] for review

shall be filed with the court of appeals in the judicial circuit

in which the immigration judge completed the proceedings").

However, the circuit court's jurisdiction over certain

constitutional matters does not generally relieve the plaintiff

of the duty to exhaust his administrative remedies, and even if

it did, <u>this</u> court does not have jurisdiction to review such

claims.   <u>See Singh</u>, 182 F.3d at 511 (concluding that the district

court is the wrong court in which to file a habeas petition).


### CONCLUSION

For the reasons stated above, we find that we do not have

jurisdiction to hear the plaintiff's case, and we grant the

defendant's motion to dismiss.

DATED:    May 10, 2001

ENTER:    _____
          John F. Grady, United States District Judge